UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAKIEM BARROW,

                 Plaintiff,

       – against –

CYNTHIA BRANN, PATSY YANG, and MARGARET EGAN,

                 Defendants.

**OPINION & ORDER**

20-cv-09417 (ER) (SDA)

RAMOS, D.J.:

       Hakiem Barrow brought this pro se action under 42 U.S.C. § 1983 while on pretrial detention at the Vernon C. Bain Center (VCBC) in New York City. In the operative complaint, filed in February 2021, he named as defendants Cynthia Brann, Commissioner of the New York City Department of Correction; Patsy Yang, Senior Vice President for Correctional Health Services; and Margaret Egan, Executive Director of the New York City Board of Correction. Doc. 9; *see* Doc. 22 at 2 n.2. Barrow alleged that conditions at VCBC were unsafe due to the COVID-19 pandemic and that Defendants had "deliberately and intentionally" violated his constitutional rights. Doc. 9 at 4. Defendants have filed a partial motion to dismiss. Doc. 21. The motion is GRANTED IN PART.

**I.     BACKGROUND**

       **A.  Factual Background**

       Barrow was detained at VCBC from at least September 22, 2020, to January 16, 2021. Doc. 9 at 4. During that time, he alleges, Defendants "deliberately and intentionally" violated his constitutional rights to life, liberty, and equal protection. *Id.* Barrow "complained about Defendants" not complying with mandates that required six feet of social distancing and limited indoor gatherings to fifty percent capacity. *Id.* Those "life saving safety guards" were not provided to him but were afforded to "people outside

of jail or at least my dorm #2BA on V.C.B.C." *Id.* Three people in Barrow's dorm tested positive for COVID-19 between January 12 and January 16, 2021, but the social distancing and capacity requirements still were not satisfied. *Id.* Barrow also claims that his dorm lacked "proper or adequate sanitation or disinfectant chemicals." *Id.* at 5. He asserts that "this deliberate action by Defendants is a threat to my life [and] well being." *Id.*

Barrow seeks $250,000 in compensatory damages and $250,000 in punitive damages. *Id.* In addition, he asks to be released on his own recognizance until Defendants implement appropriate social distancing measures. *Id.* At this point, however, it appears that Barrow is no longer in the custody of the Department of Correction. *See Inmate Lookup Service*, N.Y.C. Dep't of Correction, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited Sept. 3, 2024) (showing no records upon search of Barrow's name, NYSID number, and Book & Case number).[1]

**B. Procedural History**

Barrow filed his original complaint with several other VCBC detainees on September 29, 2020. Doc. 2. On November 9, Magistrate Judge Aaron severed the matter into separate actions. Doc. 1. An amended complaint was filed on November 24, again purporting to assert claims on behalf of multiple plaintiffs. Doc. 4. Barrow filed a second amended complaint naming only himself as the plaintiff on February 3, 2021. Doc. 9.

On May 20, 2021, Defendants filed a partial motion to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 21. The Court

---

[1] The Court also takes judicial notice of the fact that VCBC is now closed. *See Facilities Overview*, N.Y.C. Dep't of Correction, https://www.nyc.gov/site/doc/about/facilities.page (last visited Sept. 3, 2024) (listing VCBC as a closed facility); *New York City's Vernon C. Bain Correctional Center, the Country's Last Operating Prison Ship, Set to Close*, CBS News (Oct. 31, 2023, 11:55 PM), https://www.cbsnews.com/newyork/news/vernon-c-bain-correctional-center-closing-nyc-prison-ship. *See generally* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

directed Barrow to respond by June 15, Doc. 25, but he failed to do so. The Court extended his deadline to respond and stated that if he did not, the Court would consider the motion unopposed. Doc. 26. Barrow still has not filed a response.

## II. LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of Rule 12(b)(6) "is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). To state a plausible claim, the plaintiff must "'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) (quoting *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [the] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

A plaintiff's failure to oppose a Rule 12(b)(6) motion "does not alone justify dismissal for failure to state a claim for relief." *Cagle v. Weill Cornell Medicine*, 680 F.

3

Supp. 3d 428, 434 (S.D.N.Y. 2023). Instead, "[i]n deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* (internal quotation marks and citation omitted). While a party must "be given reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* (citation omitted).

Finally, the Court notes that Barrow is proceeding pro se. "A pro se litigant's papers must be construed liberally 'to raise the strongest arguments they suggest.'" *Jules v. Andre Balazs Props.*, No. 20 Civ. 10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). "This obligation 'is especially true when dealing with pro se complaints alleging civil rights violations.'" *Cagle*, 680 F. Supp. 3d at 434 (quoting *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002)). At the same time, "*pro se* plaintiffs are not relieved of the requirement that they plead enough facts so that their claims are plausible." *Id.*

## III. DISCUSSION

Defendants have moved for partial dismissal of the second amended complaint. They seek to dismiss Barrow's claims against Brann, Yang, and Egan in their individual and official capacities. Doc. 22 at 1. Defendants also move for dismissal of Barrow's equal protection claim, his punitive damages claim, and his request for release. *Id.* at 1–2. But Defendants "do not move to dismiss [Barrow's] conditions of confinement claim." *Id.* at 1 n.1.[2]

---

[2] Defendants appear to construe the second amended complaint as alleging claims against the City of New York as well as the three individual defendants. *See, e.g.*, Doc. 22 at 1, 6 (referring to Barrow's "claims against the City"). Since Barrow arguably brings claims against Brann and Egan—the commissioner of the Department of Correction and the executive director of the Board of Correction—in their official capacities, the Court will construe the complaint as asserting claims against the City and will update the caption

4

In granting the partial motion to dismiss, the Court finds instructive Magistrate Judge Aaron's report and recommendation in *Gil-Cabrera v. Department of Corrections*, No. 20 Civ. 09493 (LTS) (SDA), 2021 WL 5282620 (S.D.N.Y. Sept. 27, 2021), *report and recommendation adopted sub nom. Gil-Cabrera v. City of New York*, 2021 WL 5910055 (S.D.N.Y. Dec. 14, 2021). The plaintiff in that case, like Barrow, had signed the original complaint filed by several VCBC detainees in November 2020. *Id.* at *2. His case was also severed into a separate action. *Id.* And like Barrow, the plaintiff asserted that "the conditions at VCBC were unsafe given the COVID-19 pandemic and that Defendants were deliberately indifferent to the serious risk of his contracting COVID-19." *Id.* at *1. The defendants—the City of New York, Brann, Yang, and Egan—filed a partial motion to dismiss on the same grounds raised here, and Magistrate Judge Aaron recommended that the motion be granted. *Id.*

### A. Equal Protection

Defendants first argue that Barrow fails to state an equal protection claim. Doc. 22 at 3. "To state a cognizable Equal Protection claim 'a plaintiff must allege purposeful discrimination directed at an identifiable or suspect class or that, as a class of one, he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Gil-Cabrera*, 2021 WL 5282620, at *3 (footnote omitted) (quoting *Leneau v. Ponte*, No. 16 Civ. 776 (GHW), 2018 WL 566456, at *5 (S.D.N.Y. Jan. 25, 2018)).

According to Defendants, Barrow "alleges that all inmates are treated . . . the same in connection with [the Department of Correction's] response to COVID-19, but

---

accordingly. *See, e.g.*, *Santos v. Syracuse Police Dep't*, No. 22 Civ. 1102 (MAD) (ATB), 2023 WL 4352101, at *1 n.3 (N.D.N.Y. July 5, 2023) ("Although the City of Syracuse is not named as a defendant, they are arguably covered by the suit against the officers employed by the [Syracuse Police Department], to the extent they were sued in their official capacities."); *Garcia v. City of Hartford Police Dep't*, No. 95 Civ. 00279 (AWT), 2011 WL 4460321, at *8 (D. Conn. Sept. 27, 2011) ("As to the official capacity claims against Croughwell, Hogan, Palmer and Blanchette, by bringing suit against these Individual Defendants in their official capacities, the plaintiff brings suit against the City of Hartford . . . .").

5

that he is treated differently than people who are not in [the Department of Correction's] custody." Doc. 22 at 4. This characterization is not entirely accurate. Barrow alleges that "life saving safety guards" such as social distancing requirements and capacity restrictions have been denied to him but afforded to "people outside of jail *or at least my dorm #2BA on V.C.B.C.*" Doc. 9 at 4 (emphasis added). These allegations do not necessarily suggest that "all inmates are treated . . . the same."

Still, the second amended complaint fails to state an equal protection claim. While Barrow alleges that he was treated differently from people not in custody, "inmates are not, by virtue of being inmates, members of a protected class." *Lopes v. Westchester County*, No. 18 Civ. 8205 (KMK), 2020 WL 7029002, at *9 (S.D.N.Y. Nov. 30, 2020) (citation omitted); *see Gil-Cabrera*, 2021 WL 5282620, at *3 (dismissing similar claim and explaining that "no reasonable jury could find that Plaintiff was similarly situated to someone not in custody"). And Barrow does not provide any allegations about other inmates outside his dorm that would allow the Court to plausibly infer that he and those inmates were similarly situated and treated differently without any rational basis. *See, e.g.*, *Baltas v. Erfe*, No. 19 Civ. 1820 (MPS), 2020 WL 1915017, at *14 (D. Conn. Apr. 20, 2020) (finding that complaint failed to state class-of-one equal protection claim because "[t]he plaintiff does not identify another inmate who was essentially identical to him and who was treated differently"). The equal protection claim is dismissed.

### B. Conditions of Confinement

"A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Id.* Two prongs must be satisfied: "an 'objective prong' showing that the challenged conditions were sufficiently

serious to constitute objective deprivations of the right to due process, and a 'subjective prong'—perhaps better classified as a '*mens rea* prong' or 'mental element prong'—showing that the officer acted with at least deliberate indifference to the challenged conditions." *Id.*

The City argues that the claims against Brann, Yang, and Egan in their individual capacities should be dismissed because the second amended complaint fails to allege that they were personally involved in the alleged constitutional violations. Doc. 22 at 4. In a § 1983 action, a defendant "may not be held liable for damages for constitutional violations merely because [he or she] held a high position of authority." *Gil-Cabrera*, 2021 WL 5282620, at *4 (alteration in original) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Instead, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Id.* (alteration in original) (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020)).

Here, Barrow claims that Brann, Yang, and Egan "deliberately and intentionally" violated his constitutional rights. Doc. 9 at 4. The complaint alleges that Barrow "complained about Defendants" not adhering to social distancing requirements and capacity restrictions. *Id.* Barrow asserts that his dorm was not in compliance with those guidelines, even after three people tested positive for COVID-19. *Id.* The dorm also lacked "proper or adequate sanitation or disinfectant chemicals." *Id.* at 5. Barrow alleges that "this deliberate action by Defendants is a threat to my life [and] well being." *Id.*

These allegations might be sufficient to show that Barrow faced a substantial risk of serious harm while detained at VCBC. *See Gil-Cabrera*, 2021 WL 5282620, at *4 ("[T]he Court finds, at this stage of the proceeding, that Plaintiff plausibly has alleged that he faced a substantial risk of serious harm based on the conditions at VCBC."). But with respect to the second prong, Barrow has not adequately alleged that the individual defendants were deliberately indifferent to that risk. While Barrow may have alleged that

Defendants were aware of the challenged conditions, "mere knowledge and acquiescence to unconstitutional conduct, or mere failure to act on a complaint, without more, is not enough to state a claim under Section 1983." *Smith v. Westchester County*, No. 19 Civ. 03605 (NSR), 2021 WL 2856515, at *9 (S.D.N.Y. July 7, 2021) (internal quotation marks and citation omitted). As in *Gil-Cabrera*, the second amended complaint does not sufficiently allege "that Brann, Yang or Egan intentionally or recklessly failed to act with reasonable care to mitigate the risk that the alleged conditions posed to Plaintiff." *Gil-Cabrera*, 2021 WL 5282620, at *5; *see also id.* ("Plaintiff does not allege that Brann, Yang or Egan knew or should have known about the particular conditions at VCBC and their supervisory positions are not sufficient, without more, to show that they were or should have been aware of such conditions."). Without more, Barrow's allegations are insufficient to state a claim against Brann, Yang, or Egan in their individual capacities. *See id.*

Defendants also argue that to the extent Barrow intends to sue the individual defendants in their official capacities, those claims should be dismissed as well. Doc. 22 at 6. The Second Circuit has explained that "in a suit against a public entity, naming officials of the public entity in their official capacities 'add[s] nothing to the suit.'" *Davis v. Stratton*, 360 F. App'x 182, 183 (2d Cir. 2010) (alteration in original) (citation omitted). As a result, any official capacity claims against Brann and Egan—the commissioner of the Department of Correction and the executive director of the Board of Correction—are dismissed as duplicative of Barrow's claims against the City. *See Gil-Cabrera*, 2021 WL 5282620, at *5.

As for Yang, the City states that she is the senior vice president for Correctional Health Services, a division of New York City Health + Hospitals (H+H). Doc. 22 at 2 n.2. A municipal entity such as H+H may be held liable under § 1983 only if "a constitutional deprivation is inflicted pursuant to its policy or custom." *Torres v. City of New York*, No. 19 Civ. 6332 (ER), 2023 WL 199593, at *5 (S.D.N.Y. Jan. 17, 2023)

8

(citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).  The second amended complaint does not assert that any policy or custom of H+H was a basis for the alleged constitutional violations.  Any official capacity claims against Yang are therefore dismissed.  *See Gil-Cabrera*, 2021 WL 5282620, at *5.

### C. Punitive Damages

Barrow requests $250,000 in punitive damages based on the deliberate and intentional violations of his rights.  Doc. 9 at 5.  But punitive damages "are not available for claims asserted against the City or the Individual Defendants in their official capacities."  *Gil-Cabrera*, 2021 WL 5282620, at *5; *see, e.g.*, *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 122 (2d Cir. 2006) (noting that "a municipality itself is immune from a claim for punitive damages"); *Kiryas Joel Alliance v. Vill. of Kiryas Joel*, No. 11 Civ. 3982 (JSR), 2011 WL 5995075, at *11 n.10 (S.D.N.Y. Nov. 29, 2011) (observing that "municipalities and municipal officials sued in their official capacities are immune from punitive damages under Section 1983").

### D. Injunctive Relief

Barrow also requests injunctive relief insofar as he seeks to be released on his own recognizance until Defendants implement appropriate social distancing practices.  Doc. 9 at 5.  As noted above, however, it appears that Barrow is no longer in the custody of the Department of Correction.  *See Inmate Lookup Service*, N.Y.C. Dep't of Correction, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited Sept. 3, 2024).  Accordingly, by October 3, 2024, the parties are directed to advise the Court as to their positions on whether this claim is moot.  *Cf. Grullon v. City of New Haven*, No. 10 Civ. 776 (SRU), 2011 WL 2680843, at *2 (D. Conn. July 8, 2011) (finding that claims for equitable relief related to conditions of confinement were moot because the plaintiff was no longer a pretrial detainee), *vacated in part on other grounds*, 720 F.3d 133 (2d Cir. 2013); *Hendrickson v. U.S. Att'y Gen.*, No. 91 Civ. 8135 (LMM), 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994) (holding that to the extent the plaintiff sought

injunctive relief from conditions of treatment while he was a pretrial detainee, the claim was moot because he had since been transferred following his conviction at trial).

### E.  Leave to Amend

Defendants ask the Court to grant their partial motion to dismiss the second amended complaint with prejudice.  Doc. 22 at 10.  But a district court "should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend."  *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013).  At the same time, "leave to amend is not necessary when it would be futile."  *Id.*

In this case, it is possible that Barrow could allege additional facts to state an equal protection claim.  He could also add facts to state a conditions of confinement claim against the individual defendants in their personal capacities and against Yang in her official capacity.  *See Gil-Cabrera*, 2021 WL 5282620, at *5.  The Court will grant leave to amend with respect to those claims.  But the Court will not grant leave to amend the conditions of confinement claims against Brann and Egan in their official capacities because those claims are duplicative of Barrow's claims against the City.  *See id.*

## IV.  CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED IN PART.  The conditions of confinement claims against Brann and Egan in their official capacities are dismissed with prejudice.  The equal protection claim and the conditions of confinement claims against the individual defendants in their personal capacities and against Yang in her official capacity are dismissed without prejudice.  Barrow may file a third amended complaint with respect to those claims by October 3, 2024.  If he does not do so, those claims will be dismissed with prejudice.

The Court reserves decision on the motion to dismiss with respect to Barrow's request for injunctive relief.  By October 3, 2024, the parties shall advise the Court as to their positions on whether that claim is moot.  Additionally, Barrow has not communicated with the Court since filing the second amended complaint in February

2021, and it appears that he is no longer in the custody of the Department of Correction. If Barrow does not respond to this order by October 3, 2024, the case will be dismissed pursuant to Rule 41(b) for failure to prosecute.

The Clerk of Court is respectfully directed to update the caption to add the City of New York as a defendant. Defendants are directed to serve a copy of this order on Barrow at his last known address by September 9, 2024, and to file proof of service on the docket.

It is SO ORDERED.

Dated:   September 3, 2024
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.