UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAKIEM BARROW,

                Plaintiff,

– against –

CYNTHIA BRANN, PATSY YANG, MARGARET EGAN, and CITY OF NEW YORK,

                Defendants.

**ORDER**

20-cv-09417 (ER) (SDA)

RAMOS, D.J.:

    Hakiem Barrow brought this pro se action under 42 U.S.C. § 1983 while on pretrial detention at the Vernon C. Bain Center in New York City. He has not communicated with the Court since February 2021. The Court now dismisses the case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I.    **BACKGROUND**

    The underlying facts are discussed in the Court's previous opinion granting Defendants' partial motion to dismiss. *Barrow v. Brann*, No. 20 Civ. 09417 (ER) (SDA), 2024 WL 4026252, at *1 (S.D.N.Y. Sept. 3, 2024). In that opinion, the Court stated that it would allow Barrow to file a third amended complaint with respect to certain claims. *Id.* at *6. The Court reserved decision on the motion to dismiss with respect to Barrow's request for injunctive relief, and it directed the parties to state their positions on whether that claim was moot by October 3, 2024. *Id.* The Court noted that Barrow had not communicated with the Court since filing the second amended complaint in February 2021. *Id.* The Court explicitly warned: "If Barrow does not respond to this order by October 3, 2024, the case will be dismissed pursuant to Rule 41(b) for failure to prosecute." *Id.*

    The Court directed Defendants to serve a copy of the opinion on Barrow at his last known address, *id.*, and Defendants did so, Doc. 31. In a letter dated October 1, 2024,

Defendants stated that Barrow's claim for injunctive relief is moot and should be dismissed. Doc. 32. Barrow has not responded to the Court's order.

## II. DISCUSSION

### A. Injunctive Relief

In general, "if parties lack a legally cognizable interest in the outcome of a case, it is moot and the federal courts lack jurisdiction." *Cabrera v. Brann*, No. 21 Civ. 780 (JMF), 2021 WL 796262, at *1 (S.D.N.Y. Feb. 26, 2021) (internal quotation marks and citation omitted). "Thus, when a prisoner is released from custody, the prisoner lacks an interest in the outcome of the case, and any request for injunctive relief is no longer relevant—it is moot." *Id.*

In its prior opinion, the Court noted that Barrow appeared to no longer be in the custody of the Department of Correction (DOC). *Barrow*, 2024 WL 4026252, at *5. Defendants have now confirmed that Barrow has been released from DOC custody. Doc. 32 at 1. Accordingly, Barrow's claim for injunctive relief is dismissed as moot. *See, e.g.*, *Cabrera*, 2021 WL 796262, at *1–2 (dismissing similar claims for injunctive relief as moot where plaintiff had been released from custody).

### B. Failure to Prosecute

Courts contemplating dismissal under Rule 41(b) must consider the following factors:

> (1) the duration of the plaintiff's failures,
>
> (2) whether plaintiff had received notice that further delays would result in dismissal,
>
> (3) whether the defendant is likely to be prejudiced by further delay,
>
> (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . , and
>
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (alterations and omission in original) (citation omitted). "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

In this case, each factor weighs in favor of dismissal. First, Barrow has not communicated with the Court for more than three years and has not complied with the Court's orders. That delay "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

Second, Barrow was on notice that failure to comply with the Court's orders could result in dismissal. The Court specifically warned that failure to respond to its previous opinion would result in dismissal for failure to prosecute. *Barrow*, 2024 WL 4026252, at *6.

Third, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (citation omitted). Barrow has failed to prosecute this case for more than three years and has not communicated with the Court. The presumption of prejudice has not been rebutted.

Fourth, Barrow has not taken advantage of his "right to due process and a fair chance to be heard." *Id.* at 209 (citation omitted). And "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (alteration in original) (citation omitted).

Finally, because Barrow has disregarded the Court's orders and has failed to move this action forward, there are no weaker sanctions that could remedy his failure to prosecute the case. Dismissal is appropriate where, as here, Barrow has "abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *see also McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason

that any sanction less than dismissal would be ineffective). In light of Barrow's pro se status, however, the Court will dismiss the case without prejudice. *See, e.g.*, *Vargas v. Zumiez, Inc.*, No. 19 Civ. 2056 (AT), 2020 WL 4548085, at *3 (S.D.N.Y. Aug. 5, 2020).

### III. CONCLUSION

For the foregoing reasons, the case is dismissed without prejudice for failure to prosecute.

Defendants are directed to provide a copy of this order to Barrow at his last known address. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:  November 4, 2024
        New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.

4